Dear Mr. Ayo:
You have requested the opinion of this office concerning Louisiana law on public donations and joint ventures or cooperative endeavors. Thibodaux General Hospital proposes to contribute $60,000 to Nicholls State University for the purpose of establishing an endowed chair in oncology nursing.
The Louisiana Constitution, at Article VII, Section 14(C), qualifies its prohibition on the donation of public property by providing:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
This legislative power to enter into joint ventures is specifically conferred on hospitals in R.S. 46:1077, which states:
 In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership or group of persons to offer, provide, promote, establish, or sell any hospital health service. A hospital service district commission contracting with or engaging in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell a hospital health service shall be presumed to be engaged in a cooperative endeavor as provided by article VII, Section 14(C) of the Constitution of Louisiana. The commission shall be further presumed to have entered into such contract for the purpose of obtaining a tangible benefit fund for a public purpose, and such contract shall not be presumed to be a donation in contravention of Article VII, Section 14(A). The provisions of this Section shall not apply to a facility of the charity hospital system of the state of Louisiana.
In Opinion Number 91-114, this office concluded that a hospital could enter into an agreement with its nurses for the inclusion of "incentive pay". That opinion followed the same provisions of law that are applicable here.
It seems from the aforementioned provisions that Thibodaux General Hospital can legally transfer the funds it seeks to transfer.
Though R.S. 46:1077 refers to "hospital health services," rather than funds, it would appear that the overall agreement between the hospital and the university does entail sufficient action by the hospital to meet the definition of services. The agreement calls for, among other things, cooperative research efforts, recruitment, and preventive education programs, any of which could be considered hospital health services. Once that hurdle is cleared, the statute sets up a presumption of a cooperative endeavor. Since a tangible benefit and a public purpose are being secured in the agreement, there is no donation.
The parties involved, Nicholls State University and Thibodaux General Hospital, both fit the descriptions of proper parties to a cooperative endeavor, and an endowed chair in oncology nursing at one of the state's universities clearly would serve a public purpose. Therefore, the proposed agreement is accepted under the provisions of Article VII, Section 14(C).
I trust that this adequately answers your questions on the legality of the proposed cooperative endeavor. If this office can be of any further assistance, please feel free to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/gbe
Mr. Donald J. Ayo President Nicholls State University P.O. Box 2001 Thibodaux, LA 70310
Date Received: Date Released:
Glenn R. Ducote Assistant Attorney General